30 C.C.P.A.(Patents)
## In re JENNINGS.
### Patent Appeal No. 4681.

Court of Customs and Patent Appeals.

March 1, 1943.

Barnes, Kisselle, Laughlin & Raisch, of Detroit, Mich. (John M. Kisselle, of Detroit, Mich., of counsel), for appellant.

W. W. Cochran, of Washington, D.C. (Howard S. Miller, of Washington, D.C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judge.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting claims 1 to 5 inclusive, 7 to 11 inclusive, and 13 to 20 inclusive, of an application for a patent for certain new and useful improvements in "Plant Watering Method and Apparatus". Two apparatus claims were allowed.

In the examiner's statement it is pointed out that six different forms of the invention are shown. Claims 1, 2, 13 and 16 to 20 inclusive were held to be generic to all forms of the invention. Those claims were rejected for want of invention over the prior art, and appellant was required to elect a single species. In response to the requirement election was made of the species shown in Figures 2, 4 and 7, preferably Figure 4, of the application.

Claims 4, 5, 7, 8, 9 and 15 were rejected on the grounds of estoppel to prosecute them in the involved application in the absence of an allowable generic claim, the examiner holding that those claims are not readable on the elected species.

The involved claims are for method and apparatus. They are so closely related that it is not necessary to give them separate consideration. Claims 1 and 14 are illustrative of the subject matter involved and read as follows:

"1. An apparatus for watering and feeding plants comprising a source of water, and a strip of glass wool extending from the source to root soil of a plant whereby water may be furnished to the plant."

"14. A method of irrigating plants which comprises locating a body of glass wool to extend from a water source to root soil of a plant and from said root soil to atmosphere above said root soil."

The references cited are:

George (British), 1,104, of 1875; Clapp et al. (British), 1,608, January 25, 1895; Kremzow (German), 183,168, April 2, 1907; Von Pazsiczky (German), 261,909, July 3, 1913; Barlow, 1,305,434, June 3, 1919; Kneller, 1,977,827, October 23, 1934; Richards, 2,084,005, June 15, 1937; McCall, "A New Method . . . in Sand Culture", published 1915 in Journal of the American Society of Agronomy, Vol. 7, plate 4 and page 250.

The invention relates generally to plant husbandry and is particularly directed to so-called self-watering flower pots and flower beds in which water is supplied to the soil in which the plant grows by means of a wick made of glass wool extending from a source of water to the soil.

The generic claims were finally rejected for the reason that they are unpatentable over the Richards reference. Other rejections of the claims of that group were made by the examiner, but in view of our conclusion it is not necessary to discuss them.

Claims 3, 10, 11 and 14 were also rejected on the same reference in view of the Kremzow, Barlow, Kneller or George references.

The Richards patent relates to apparatus and methods of irrigation and more particularly to "ceramic materials and methods of controlling the flow of fluids therethrough." One of the drawings in that patent shows a flexible porous tubular irrigator which is kept filled with water from an outside source. The plant is furnished with water through the pores of the irrigator, which is placed in the soil beneath the roots of the plant. The specification states that the irrigator may be made of a fibrous capillary material, such as asbestos, cotton or ceramic, which is embedded in a wall of flexible material such as rubber, the finished tube resembling garden hose except that the wall is porous. The specification further states as follows:

"The flexible walled irrigators can be made by the same process now commonly used for canvas, water hose, garden hose or asbestos steam hose, except that when rubber is employed, a porous, spongy form must be used. I may also employ in my flexible porous irrigators, glass fibers, spun and woven in much the same manner as asbestos and plant fibers now are."

The Kremzow patent relates to a watering arrangement for flower pots with an absorbent medium introduced through the bottom of the pot. It discloses a flower pot superimposed upon a water container from which a wick made of felt, asbestos or the like projects through the bottom of the pot into the soil.

The Barlow patent relates to plant boxes and what is said to be a novel, self-watering device for plants. It discloses a soil container for growing plants to which moisture is supplied from a reservoir in the lower portion of the box by means of an asbestos strip.

The patent to Kneller relates to a so-called self-watering flower vessel and discloses a tube of capillary material extending from a water reservoir in the base of a flower pot through the root soil and thence protruding above the soil into the atmosphere. The porous member is made of porous baked clay.

The George patent relates to flower pots, troughs, and plant holders and means of supplying fluids or moisture to trees, plants, cuttings, growing crops and seeds. One of the drawings of the patent shows a flower pot in which a wick of capillary material extends from a water reservoir below the pot into the soil. The wick is a piece of rope, sponge, fabric, wood or other fibrous or porous material which will act by capillary attraction to conduct the water from the reservoir into the soil.

It is not necessary to consider the other references.

The Board of Appeals approved the reasoning and conclusions reached by the Primary Examiner.

It will be seen that it is old in the art to supply moisture to the roots of plants by means of wicks. It will also be observed that it is old in the art to use glass fibers in an irrigating apparatus such as is shown in the Richards reference. Therefore, the question presented to us is whether or not the claims here present any patentable novelty over Richards and Richards in view of Kremzow, Barlow, Kneller or George.

Appellant contends that he has discovered and utilized a new property of glass wool not heretofore known to inventors in the plant-watering art or in any other art. He argues that he has discovered that glass wool has a hydrophilic property or attraction for water which is entirely independent of the capillary action which has been previously relied on, as in the use of cotton

494

and asbestos as wicks. Therefore, appellant argues that the principle of mere substitution of materials does not apply herein.

The generic claims herein provide for an apparatus for and a method of transferring moisture from a source of water to the root soil by means of a strip or body of glass wool or spun glass wool. The Richards patent plainly discloses an apparatus for and method of supplying moisture to root soil. While the watering means of Richards may comprise ceramic or other porous material, the patent plainly states that he may employ in his flexible porous irrigators "glass fibers spun or woven in much the same manner as asbestos and plant fibers now are." Therefore, in our opinion the generic claims are squarely met by the Richards patent and we agree with the reasoning of the Primary Examiner that the generic claims differ only by a statement of theory as to how and why Richards' apparatus works.

■ Claims 4, 5, 7, 8, 9 and 15, as was held by the tribunals below, do not read upon the elected species. Appellant in his brief does not rely upon alleged error on the part of the Patent Office in rejecting those claims on the grounds of estoppel as hereinbefore stated. Furthermore, they are not discussed in the brief. Therefore, the appeal as to those claims is considered to be abandoned here, and will not be discussed.

■ · As to the rejection of claims 3, 10, 11 and 14, we are in agreement with the tribunals below, for the reason that it plainly appears they are unpatentable over the Richards reference for the same reason given by the Primary Examiner with respect to the generic claims. We are of opinion that in employing glass fabric for the wick disclosed in such references as Kremzow, Barlow, Kneller, or George appellant has made only an analogous use of the irrigator of the Richards patent.

While appellant has not specifically discussed the separate claims involved herein, he contends that claim 14 presents a feature which renders the claim patentable over the prior art in that it calls for glass wool extending from the source to soil and from the soil to the air. An examination of the Kneller reference discloses that one of its figures shows the porous member extending from the water to the root soil and thence to the atmosphere. · We think it would be obvious to one skilled in the art to replace the porous tube of Kneller with the spun glass fabric shown in the Richards patent. Therefore we cannot agree with appellant's contention as to claim 14.

For the reasons hereinabove stated, the decision of the Board of Appeals is affirmed.

Affirmed.